IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

POTLATCHDELTIC LAND
AND LUMBER, LLC                                                                                       PLAINTIFF

v.                                              Case No. 1:22-cv-1053

VICTORY LUMBER
HOLDINGS, LLC                                                                                         DEFENDANT

## ORDER

Before the Court is Plaintiff PotlatchDeltic Land & Lumber, LLC's Motion for Default Judgment. (ECF No. 7). The Court finds that this matter is ripe for consideration.

### I. BACKGROUND

Plaintiff filed this case against Defendant Victory Lumber Holdings, LLC, alleging claims of breach-of-contract, promissory estoppel, and unjust enrichment. On September 26, 2022, Plaintiff served its verified complaint and summons on a registered agent of Defendant. (ECF No. 6). Defendant has not answered or otherwise responded to the complaint. On November 10, 2022, the Clerk of Court entered a default as to Defendant. (ECF No. 8). Plaintiff now moves the Court for a default judgment and seeks a sum certain from Defendant in the amount of $415,195.34, plus pre-judgment interest from November 8, 2019, until entry of judgment and post-judgment interest at the highest rate allowed by applicable law until paid in full. (ECF No. 7).

### II. DISCUSSION

#### A. Default Judgment

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119

(8th Cir. 1997). If the court determines that a defendant is in default, the court shall take as true all factual allegations of the complaint, except those relating to the amount of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

The unchallenged facts of this case are as follows. Around August 22, 2019, to November 8, 2019, Defendant and Plaintiff executed collectively the "Delivered Sales Contracts." In the Delivered Sales Contracts, Defendant requested, and Plaintiff agreed to sell and deliver timber to Defendant at their mill in Camden, Arkansas. The Delivered Sales Contracts governed the terms of sale, including the product sold, pricing, start and end date of sales, terms of payment, and delivery of the timber. Defendant, however, has failed to pay the amounts owed under the Delivered Sales Contracts.

Plaintiff has made numerous demands on Defendant for the payment of the balance owed, but Defendant has failed to respond and has refused to make payment as required under the Delivered Sales Contract. The total amount that remains owed under the Delivered Sales Contract is $415,195.34 which is the cost of timber that Plaintiff sold and delivered to Defendant.

After reviewing the record, the Court finds that Plaintiff has alleged sufficient facts to support a legitimate cause of action against Defendant for breach-of-contract. Defendant has not responded to the complaint. Therefore, the entry of a default judgement is appropriate. Now the Court will turn to damages. Plaintiff asks that the Court enter default judgment against Defendant for the $415,195.34 owed under contract, plus pre-judgment interest, and post-judgment interest.

**B. Damages**

After determining that default judgment should be entered, the Court must determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B). A default judgment may be entered on a sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). In this case, Plaintiff seeks a sum certain from Defendant in the amount of $415,195.34 plus pre-judgment and post-judgment interest.

Plaintiff has provided an exhibit (ECF No. 7-2) that sets out the rates Plaintiff charged the Defendant for each type of wood. Plaintiff has provided another exhibit (ECF No. 7-3) that sets out the individual entries that Plaintiff charged Defendant totaling $415,195.34. The Court is satisfied that the exhibits establish that Defendant owes the requested amount to Plaintiff. Accordingly, the Court will award Plaintiff $415,195.34 in connection with the Delivered Sales Contracts for which Plaintiff was not paid.

The Court now turns to Plaintiff's request for pre-judgment interest. Typically, "prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of money which was legally due." *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986).[1] Plaintiff alleges that Defendant has consumed, commingled, or sold to other parties all the timber sold by Plaintiff to Defendant. On reviewing the record, the Court believes that an award of pre-judgment interest is appropriate. Defendant has not paid Plaintiff the amount owed under contract, and the amount that Defendant owes is ascertainable. Accordingly, the Court awards Plaintiff pre-judgment

---

[1] "Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit unfairly from the inherent delays of litigation." *Stroh Container Co. Inc.*, 783 F.2d at 752.

3

interest at their requested rate of 6% per annum, from November 8, 2019, until entry of judgment.

Lastly, the Court turns to Plaintiff's request for post-judgment interest. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C.A. § 1961(a). That interest is "calculated from the date of entry on the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield. . . for the calendar week preceding[] the date of judgment." *Id.* Accordingly, the Court grants Plaintiff post-judgment interest as calculated pursuant to 28 U.S.C. § 1961 from the date judgment is entered.

Plaintiff asserts that it has also incurred attorneys' fees and costs in connection with the lawsuit but has filed a separate motion for those attorneys' fees. Thus, the Court will address the requested attorneys' fees and costs in a separate order.

### III. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff's Motion for Default Judgment should be and hereby is **GRANTED**. Judgment will be entered in favor of Plaintiff against Defendant in the amount of $415,195.34 for the unpaid timber under the Delivered Sales Contracts. The Court awards Plaintiff prejudgment interest at the rate of 6% per annum, from November 8, 2019, until entry of judgment. Finally, the Court awards Plaintiff post-judgment interest as calculated pursuant to 28 U.S.C. § 1961 from the date judgment is entered until paid.

**IT IS SO ORDERED**, this 21st day of June, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge